IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS; LUBBOCK
INDEPENDENT SCHOOL DISTRICT

       *Plaintiffs-Appellees,*

    v.

XAVIER BECERRA, Secretary of Health and
Human Services; et al.,

       *Defendants-Appellants.*

No. 23-10564

**PARTIALLY OPPOSED MOTION FOR *MUNSINGWEAR* VACATUR
OF THE DISTRICT COURT'S FINAL JUDGMENT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ................................................................1

STATEMENT ................................................................................................3

    A. Statutory And Regulatory Background ......................................................3

    B. Mootness And *Munsingwear* Vacatur In The *Louisiana* Case .................7

ARGUMENT ..................................................................................................8

    A. The Supreme Court Recently Issued *Munsingwear* Orders In
        Cases Involving Other COVID-19 Vaccination Requirements ..............8

    B. *Munsingwear* Vacatur Is Equally Warranted Here.................................11

CONCLUSION ................................................................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**                                                                **Page(s)**

*Acheson Hotels, LLC v. Laufer*, -- S. Ct. --,
    No. 22-429, 2023 WL 8378965 (U.S. Dec. 5, 2023) ................................. 10, 11

*Alvarez v. Smith*,
    558 U.S. 87 (2009) ...................................................................... 9

*Arizona v. Biden*,
    40 F.4th 375 (6th Cir. 2022) ........................................................ 13

*Biden v. Feds for Medical Freedom*, -- S. Ct. --,
    No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023) ...................................... 2, 9

*Biden v. Missouri*,
    595 U.S. 87 (2022) ...................................................................... 1

*Freedom from Religion Found., Inc. v. Abbott*,
    58 F.4th 824 (5th Cir. 2023) ................................................. 3, 8, 12, 13

*Health Freedom Def. Fund v. President of the United States*,
    71 F.4th 888 (11th Cir. 2023) ........................................................ 13

*Kendall v. Doster*, -- S. Ct. --,
    No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) ................................... 2, 9

*Laufer v. Acheson Hotels, LLC*,
    50 F.4th 259 (1st Cir. 2022) ........................................................ 12

*Livingston Educ. Serv. Agency v. Becerra*,
    35 F.4th 489 (6th Cir. 2022), *vacated as moot*,
    2023 WL 4249469 (6th Cir. June 29, 2023) ........................................... 1, 6

*Louisiana v. Becerra*,
    629 F. Supp. 3d 477 (W.D. La. 2022) ................................................... 5

*Payne v. Biden*, -- S. Ct. --,
     No. 22-1225, 2023 WL 8531836 (U.S. Dec. 11, 2023) .................................... 9

*Spell v. Edwards*,
     962 F.3d 175 (5th Cir. 2020) .......................................................................... 12

*Texas v. Becerra*, -- F. Supp. 3d --,
     No. 5:21-CV-300-H, 2023 WL 2754350 (N.D. Tex. Mar. 31, 2023) .......... 5, 6

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
     513 U.S. 18 (1994) ........................................................................................ 10

*United States v. Munsingwear, Inc.*,
     340 U.S. 36 (1950) ....................................................... 1, 3, 8, 9, 11, 15

*United States v. Texas*,
     599 U.S. 670 (2023) ...................................................................................... 13

*University of Texas v. Camenisch*,
     451 U.S. 390 (1981) ......................................................................................... 9

*Yellen v. United States House of Representatives*,
     142 S. Ct. 332 (2021) .................................................................................... 12

**Statutes:**

Public Health Service Act:
     42 U.S.C. § 247d ............................................................................................. 4
     42 U.S.C. § 247d(a) ......................................................................................... 4

Pub. L. No. 118-3, 137 Stat. 6 (2023)...................................................................4

50 U.S.C. § 1621 ................................................................................................... 4

50 U.S.C. § 1622(a) .............................................................................................. 4

50 U.S.C. § 1622(d) .............................................................................................. 4

**Regulations:**

*Declaring a National Emergency Concerning the Novel Coronavirus
Disease (COVID-19) Outbreak,*
85 Fed. Reg. 15,337 (Mar. 18, 2020) ................................. 4

*Determination that a Public Health Emergency Exists* (Jan. 31, 2020),
https://perma.cc/VZ5XCT5R .................................................. 3-4

*Mitigating the Spread of COVID-19 in Head Start Programs,*
88 Fed. Reg. 993 (Jan. 6, 2023) ........................................... 5

*Removal of the Vaccine Requirements for Head Start Programs,*
88 Fed. Reg. 41,326 (June 26, 2023) .................................. 7

*Renewal of Determination that a Public Health Emergency Exists*
(Feb. 9, 2023), https://perma.cc/NWQ3-L23D?type=image ...................... 4

*Vaccine and Mask Requirements to Mitigate the Spread of
COVID-19 in Head Start Programs,*
86 Fed. Reg. 68,052 (Nov. 30, 2021) ................................. 5

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required because defendants-appellants are all governmental parties.  5th Cir. R. 28.2.1

## INTRODUCTION AND SUMMARY

Pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the government respectfully moves for this Court to vacate as moot the district court's final judgment in this case.

The government's appeal in this case was held in abeyance pending this Court's disposition of the government's appeal in *Louisiana v. Becerra*, No. 22-30748 (5th Cir.), which involved a challenge to the same interim final rule (IFR) that is at issue here.  That IFR, which was issued by the Secretary of Health and Human Services (HHS), required federally funded Head Start programs to ensure that their staff were vaccinated against COVID-19 (subject to exemptions).  In the *Louisiana* case, the district court permanently enjoined the IFR's enforcement within the 24 plaintiff States.  In this case, the district court vacated the IFR universally.  Both district court decisions were contrary to the Sixth Circuit's reasoning in *Livingston Educational Service Agency v. Becerra*, 35 F.4th 489 (6th Cir. 2022), where the unanimous motions panel concluded that the government was likely to prevail in its defense of the Head Start IFR in light of the Supreme Court's reasoning in *Biden v. Missouri*, 595 U.S. 87 (2022) (per curiam), which upheld a similar vaccination requirement for federally funded healthcare facilities.

After the COVID-19 public health emergency ended, the Secretary issued a final rule that removed the Head Start vaccination requirement. This Court agreed with the government that the *Louisiana* case was moot and granted the government's opposed motion to vacate the district court's permanent injunction. *See* Order, *Louisiana v. Becerra*, No. 22-30748 (5th Cir. Aug. 29, 2023) (per curiam). Very recently, the Supreme Court granted the government's opposed motions for *Munsingwear* vacatur in cases involving other rescinded COVID-19 vaccination requirements. *See Biden v. Feds for Medical Freedom*, -- S. Ct. --, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023) (vacating this Court's adverse judgment in a case challenging the COVID-19 vaccination requirement for federal employees); *Kendall v. Doster*, -- S. Ct. --, No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) (vacating the Sixth Circuit's adverse judgment in a case challenging the COVID-19 vaccination requirement for members of the military).

This Court likewise should vacate as moot the district court's final judgment in this case. The Supreme Court's recent vacatur order in *Feds for Medical Freedom* necessarily rejected the plaintiffs' argument that vacatur should be withheld because the government voluntarily rescinded the challenged vaccination requirement. Here, too, the Secretary removed the

challenged vaccination requirement because the COVID-19 public health emergency had ended.  No one could reasonably argue that the government should maintain requirements that have ceased to be needed for the public health, simply to ensure that an adverse judgment does not "spawn[] any legal consequences."  *Munsingwear*, 340 U.S. at 40-41.

Nor is there any other reason for "discouraging relitigation," *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 837 (5th Cir. 2023), of the issues addressed by the district court in this case.  The district court's merits ruling expressly conflicted with the Sixth Circuit's reasoning in *Livingston.* And the district court's remedial ruling rested on the sharply contested premise that universal vacatur of a rule is compelled by section 706 of the Administrative Procedure Act (APA)—an issue that is now pending before this Court in *Braidwood Management, Inc. v. Becerra*, No. 23-10326 (5th Cir.). *Munsingwear* vacatur is plainly appropriate in these circumstances.

## STATEMENT

### A. Statutory And Regulatory Background

**1.**  On January 31, 2020, the Secretary issued a determination that a public health emergency existed as a result of the virus that causes COVID-19. *See Determination that a Public Health Emergency Exists* (Jan. 31, 2020),

https://perma.cc/VZ5XCT5R.  That declaration was issued pursuant to

section 319 of the Public Health Service Act, 42 U.S.C. § 247d, and, by

statute, it would expire after 90 days unless renewed, *see id.* § 247d(a).

On March 13, 2020, then-President Trump issued a determination

that the COVID-19 outbreak in the United States constituted a national

emergency.  *See Declaring a National Emergency Concerning the Novel*

*Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 18,

2020).  That declaration was issued pursuant to 50 U.S.C. § 1621 and, by

statute, it would remain in effect for one year (if not extended) or until

terminated either by the enactment into law of a joint resolution of

Congress or by a proclamation of the President, *see id.* § 1622(a), (d).

On April 10, 2023, President Biden signed into law a joint resolution

of Congress terminating the national emergency.  *See* Pub. L. No. 118-3, 137

Stat. 6 (2023).  On May 11, 2023, the Secretary's declaration of COVID-19 as

a public health emergency expired after having been periodically renewed

over the course of the pandemic.  *See, e.g.*, *Renewal of Determination that a*

*Public Health Emergency Exists* (Feb. 9, 2023), https://perma.cc/NWQ3-

L23D?type=image.

**2.**  The IFR at issue here was issued in November 2021 and generally required Head Start programs to ensure that their staff were vaccinated against COVID-19.  *See Vaccine and Mask Requirements to Mitigate the Spread of COVID-19 in Head Start Programs*, 86 Fed. Reg. 68,052, 68,060-61 (Nov. 30, 2021).  The IFR also imposed a masking requirement, but the Secretary stopped monitoring compliance with that requirement in February 2022 and removed it in a final rule issued in January 2023.  *See Mitigating the Spread of COVID-19 in Head Start Programs*, 88 Fed. Reg. 993 (Jan. 6, 2023).

**3.**  In the *Louisiana* case, the district court ruled that the IFR exceeded the Secretary's statutory authority and permanently enjoined its enforcement within the 24 plaintiff States.  *See Louisiana v. Becerra*, No. 22-30748, ROA.24541-24542 (final judgment); *Louisiana v. Becerra*, 629 F. Supp. 3d 477 (W.D. La. 2022) (opinion).

In this action by Texas and the Lubbock Independent School District, the district court ruled that the IFR exceeded the Secretary's statutory authority, that the Secretary lacked good cause to issue the IFR without advance notice and comment, and that the IFR was arbitrary and capricious.  *See Texas v. Becerra*, -- F. Supp. 3d --, No. 5:21-CV-300-H, 2023 WL 2754350 (N.D. Tex. Mar. 31, 2023).  The district court explicitly rejected

5

the contrary rulings of the Sixth Circuit motions panel in *Livingston Educational Service Agency v. Becerra*, 35 F.4th 489 (6th Cir. 2022), which concluded that the government was likely to succeed on the merits of analogous challenges to the Secretary's statutory authority to issue the Head Start IFR and to the issuance of the IFR without advance notice and comment.  *See Texas*, 2023 WL 2754350, at *28 n.18.[1]

Furthermore, the district court here ruled that this Court's "binding precedent makes clear that vacatur should not be limited to the parties but is rather universal."  *Texas*, 2023 WL 2754350, at *1; *see also id.* at *30, *31 & n.22.  Accordingly, even though the Lubbock Independent School District was the only Head Start grantee in the case, the district court entered a final judgment that vacated the IFR "in its entirety" and remanded the matter to HHS for further consideration.  *See* Final Judgment at 1 ¶ 3, *Texas v. Becerra*, No. 5:21-cv-300 (N.D. Tex. Mar. 31, 2023), Dkt. No. 70.

---

[1] The *Livingston* opinion was later vacated as moot after the Head Start vaccination requirement was rescinded.  *See Livingston Educational Service Agency v. Becerra*, No. 22-1257, 2023 WL 4249469 (6th Cir. June 29, 2023).

6

**B. Mootness And *Munsingwear* Vacatur in the *Louisiana* Case**

**1.**  After the COVID-19 public health emergency and national

emergency ended, the Secretary issued a final rule removing the Head Start

COVID-19 vaccination requirement.  *See Removal of the Vaccine Requirements*

*for Head Start Programs*, 88 Fed. Reg. 41,326 (June 26, 2023).  The Secretary

explained that the vaccination requirement was removed in light of the end

of the COVID-19 public health emergency and national emergency; the fact

that Head Start programs are required by a final rule issued on January 6,

2023, to have an evidence-based COVID-19 mitigation policy; and

comments received on the IFR.  *See id.* at 41,327.  The Secretary noted that

the change in pandemic conditions reflected in the termination of the

national emergency and public health emergency likewise would make it

appropriate to rescind the masking requirement if that requirement were

still in effect.  *See id.* at 41,329.  The final rule made the removal of the

vaccination requirement effective immediately to allow Head Start

programs to hire staff for the upcoming program year without uncertainty

as to the continued presence of a vaccination requirement.  *See id.* at 41,327.

Over the *Louisiana* plaintiffs' opposition, this Court granted the government's motion to vacate as moot the final judgment in that case. *See* Order, *Louisiana v. Becerra*, No. 22-30748 (5th Cir. Aug. 29, 2023) (per curiam). This Court agreed with the government that the challenge to the Head Start IFR was moot and that the permanent injunction should be vacated. *See id.* This Court's order stated that it was otherwise leaving the district court's judgment and memorandum opinion in place, *see id.* (citing *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 836-38 (5th Cir. 2023)), but that statement had no practical effect on the judgment because the permanent injunction was the only form of relief that the district court had entered, *see Louisiana v. Becerra*, No. 22-30748, ROA.24541-24542 (final judgment). Thus, this Court had no occasion to consider the *Munsingwear* vacatur issue presented here.

## ARGUMENT

### A. The Supreme Court Recently Issued *Munsingwear* Orders In Cases Involving Other COVID-19 Vaccination Requirements

Pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950), this Court should vacate the district court's final judgment as moot. *Munsingwear* vacatur "prevent[s] a judgment, unreviewable because of

mootness, from spawning any legal consequences." *Id.* at 40-41. While the question whether to vacate a lower court order after mootness is equitable and case-specific, the Supreme Court has instructed that the "ordinary practice" is to vacate lower court decisions when a case becomes moot on appeal. *Alvarez v. Smith*, 558 U.S. 87, 94, 97 (2009); *University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981); *Munsingwear*, 340 U.S. at 39.

The Supreme Court very recently granted the government's opposed motion for *Munsingwear* vacatur of this Court's adverse judgment in *Biden v. Feds for Medical Freedom*, -- S. Ct. --, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023), which involved a COVID-19 vaccination requirement for federal employees that was rescinded after the COVID-19 public health emergency ended. The same day, the Supreme Court also granted the government's opposed motion for *Munsingwear* vacatur of the Sixth Circuit's adverse judgment in *Kendall v. Doster*, -- S. Ct. --, No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023), which involved the COVID-19 vaccination requirement for members of the military.[2]

---

[2] In addition, the Supreme Court granted the plaintiffs' unopposed motion for *Munsingwear* vacatur of the D.C. Circuit's decision in *Payne v. Biden*, -- S. Ct. --, No. 22-1225, 2023 WL 8531836 (U.S. Dec. 11, 2023), which

*Continued on next page.*

In granting *Munsingwear* vacatur in *Feds for Medical Freedom*, the Supreme Court necessarily rejected the plaintiffs' contention that vacatur should be withheld because the government had voluntarily rescinded the challenged vaccination requirement.  As the government's Supreme Court briefing explained, the vaccination requirement for federal employees was removed because the COVID-19 public health emergency had ended, and there was no equitable reason to put the government to the choice between ending a requirement that was no longer necessary to protect the public health and continuing to contest to an adverse decision.  The government argued that there was no sound reason to liken the rescission of the vaccination requirement to the voluntary settlement that was at issue in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994).

The Supreme Court granted *Munsingwear* vacatur, with Justice Jackson alone dissenting.  Her dissent relied on her recent concurring opinion in *Acheson Hotels, LLC v. Laufer*, -- S. Ct. --, No. 22-429, 2023 WL 8378965 (U.S. Dec. 5, 2023), which urged the Supreme Court to revisit its practice of granting *Munsingwear* vacatur when a case becomes moot on appeal.  *See id.*

---

had rejected the plaintiffs' challenge to the COVID-19 vaccination requirement for federal employees.

at *7-10 (Jackson, J., concurring in the judgment).  The Supreme Court in *Acheson*, however, declared that its "*Munsingwear* practice is well settled" and "decline[d] Justice Jackson's invitation to reconsider it."  *Id.* at *2 (majority opinion).

### B. *Munsingwear* Vacatur Is Equally Warranted Here

**1.**  *Munsingwear* vacatur is equally appropriate in this case.  As in *Feds for Medical Freedom*, the vaccination requirement at issue here was rescinded because the COVID-19 public health emergency had ended.  And as in *Feds for Medical Freedom*, the government is not properly put to the choice between ending a requirement that is no longer necessary to protect the public health and continuing to contest an adverse judgment with which it disagrees.

We recognize that in *Louisiana*, this Court granted *Munsingwear* vacatur of the district court's permanent injunction but stated that it was otherwise leaving the district court's judgment in place.  In that case, however, the permanent injunction was the only relief entered by the district court.  *See Louisiana v. Becerra*, No. 22-30748, ROA.24541-24542 (final judgment).  The motions panel therefore had no occasion to consider the issue presented here, which is whether *Munsingwear* vacatur is appropriate

to ensure that a final judgment vacating the IFR in its entirety does not "spawn[] any legal consequences," *Munsingwear*, 340 U.S. at 41.

The Supreme Court's precedents foreclose any contention that *Munsingwear* vacatur is limited to cases in which injunctive relief was entered. In *Yellen v. United States House of Representatives*, 142 S. Ct. 332 (2021), which involved funding for border-wall construction, the Supreme Court granted the government's opposed motion for *Munsingwear* vacatur even though the district court had dismissed the suit for lack of standing. Likewise, in *Acheson*, the Supreme Court granted *Munsingwear* vacatur even though the district court had dismissed the case on standing grounds. *See Laufer v. Acheson Hotels, LLC*, 50 F.4th 259, 265 (1st Cir. 2022) (describing the district court's decision).[3]

Nor would it be equitable to "discourag[e] relitigation," *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 837 (5th Cir. 2023), of the issues that the district court addressed below. This case bears no resemblance to *Freedom from Religion*, where it was "not seriously disputed" that the removal

---

[3] Even before those Supreme Court rulings were issued, this Court vacated as moot a district court's denial of a preliminary injunction against the Louisiana Governor's stay-at-home orders. *See Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020).

of the plaintiff's exhibit from the grounds of the Texas Capitol "violated the First Amendment restrictions concerning speech communicated in a limited public forum." *Id.* at 827-28. Here, by contrast, the district court's merits ruling expressly conflicted with the Sixth Circuit's reasoning in *Livingston*. And the district court's remedial ruling—that universal vacatur of an agency's rule is compelled by section 706 of the APA—is one of the most contested issues in administrative law. *See, e.g., United States v. Texas*, 599 U.S. 670, 693-704 (2023) (Gorsuch, J., concurring in the judgment, joined by Justices Thomas and Barrett); *Arizona v. Biden*, 40 F.4th 375, 395-98 (6th Cir. 2022) (Sutton, C. J., concurring)).

In analogous circumstances, the Eleventh Circuit granted the government's opposed motion for *Munsingwear* vacatur. In *Health Freedom Defense Fund v. President of the United States*, 71 F.4th 888 (11th Cir. 2023), the Eleventh Circuit vacated as moot the district court's final judgment vacating universally the public-transportation mask mandate that had been issued by the Centers for Disease Control & Prevention. *Munsingwear* vacatur is equally warranted here.

**2.** Plaintiffs' counsel has informed us that plaintiffs agree that this case is moot and do not oppose vacatur of the district court's final

13

judgment insofar as it remanded the matter to HHS for further consideration; however, plaintiffs otherwise oppose vacatur of the district court's final judgment or opinion.  For the reasons discussed above, limiting *Munsingwear* vacatur in that manner would be contrary to the teachings of the Supreme Court.  The district court's final judgment should be vacated in its entirety.

## CONCLUSION

Pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), this

Court should vacate as moot the district court's final judgment.

Respectfully submitted,

*/s/ Alisa B. Klein*
ALISA B. KLEIN
SARAH J. CLARK
202-514-1597
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530

DECEMBER 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27 because it contains 2,699 words. This motion complies with the typeface and the type-style requirements of Federal Rules of Appellate Procedure 27 and 32 because it has been prepared in a proportionally spaced typeface using Word 14-point Book Antiqua typeface.

*/s/ Alisa B. Klein*
ALISA B. KLEIN

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Alisa B. Klein*
ALISA B. KLEIN