IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS; LUBBOCK
INDEPENDENT SCHOOL DISTRICT

*Plaintiffs-Appellees,*

v.

XAVIER BECERRA, Secretary of Health and
Human Services; et al.,

*Defendants-Appellants.*

No. 23-10564

**REPLY IN SUPPORT OF MOTION FOR *MUNSINGWEAR* VACATUR
OF THE DISTRICT COURT'S FINAL JUDGMENT**

Plaintiffs explicitly urge this Court to disregard the Supreme Court's recent order granting *Munsingwear* vacatur in *Biden v. Feds for Medical Freedom*, -- S. Ct. --, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023) (*FMF*), which involved the COVID-19 vaccination requirement for federal employees. *See* Pl. Opp. 12-13. A lower court cannot properly disregard the teachings of the Supreme Court, however.

Plaintiffs do not dispute that the *Munsingwear* issue that was before the Supreme Court in *FMF* was materially identical to the *Munsingwear* issue that is presented here. There, as here, the plaintiffs argued that *Munsingwear*

vacatur would be inequitable because the government itself had mooted the case by rescinding the challenged vaccination requirement. *See, e.g.*, *FMF* Brief in Opp. 21, No. 23-60 (Aug. 23, 2023) ("Petitioners lost below, and it is undisputed that any mootness in this case was caused by their voluntary choice to rescind the challenged employee vaccine mandate.").

There, as here, the government explained that it had rescinded the challenged vaccination requirement because the end of the COVID-19 public health emergency had made the vaccination requirement unnecessary. *See, e.g.*, *FMF* Reply 2, No. 23-60 (Sept. 6, 2023) (explaining that the President had revoked the challenged vaccination requirement "because of the changed circumstances of the COVID-19 pandemic, as part of a larger winddown of many different pandemic-related measures"); *see also id.* at 10-11; *FMF* Pet. 10-11, 26-28, No. 23-60 (July 21, 2023).  There, as here, the government argued that it would "not serve justice or the public interest to force the Executive Branch to retain an obsolete employee vaccination requirement" merely to preserve a continuing basis to litigate. *FMF* Reply 10-11.

In granting *Munsingwear* vacatur, the Supreme Court necessarily rejected the *FMF* plaintiffs' argument that vacatur should be withheld

because the government had voluntarily rescinded the challenged vaccination requirement. The fact that the Supreme Court's order did not state explicitly that the Court was rejecting the *FMF* plaintiffs' argument does not—as plaintiffs here contend—give lower courts license to disregard the Supreme Court's evident conclusion.

Plaintiffs rely heavily on this Court's decision in *Freedom from Religion Found. v. Abbott*, 58 F.4th 824 (5th Cir. 2023), which is inapposite for the reasons discussed in our motion. *See* Mot. 3, 12-13. But even if there were tension between that decision and the Supreme Court's recent *FMF* order, the Supreme Court's order should guide the ruling here. Plaintiffs' various other arguments were anticipated in our motion, so we have refrained from reiterating them in reply.

## CONCLUSION

Pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), this

Court should vacate as moot the district court's final judgment.

Respectfully submitted,

*/s/ Alisa B. Klein*
ALISA B. KLEIN
SARAH J. CLARK
202-514-1597
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530

JANUARY 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27 because it contains 443 words. This document complies with the typeface and the type-style requirements of Federal Rules of Appellate Procedure 27 and 32 because it has been prepared in a proportionally spaced typeface using Word 14-point Book Antiqua typeface.

/s/ Alisa B. Klein
ALISA B. KLEIN

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Alisa B. Klein
ALISA B. KLEIN